IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Ricky Brannon, 179051,<br><br>    Plaintiff<br>  v.<br><br>Bill Blanton, *Sheriff of Cherokee County*; Tim Clark, *Detective of Cherokee County Sheriff's Dept*; and John and Jane Doe;<br><br>    Defendants. | C/A. No. 9:15-2434-CMC<br><br>**Opinion and Order** |

    This matter is before the court on Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. §1983 on June 17, 2015. ECF No. 1. On January 29, 2016, Defendants filed a motion for summary judgment. ECF No. 34. A *Roseboro* order was entered by the court and mailed to Plaintiff on February 1, 2016, advising Plaintiff of the importance of a dispositive motion and the need for Plaintiff to file an adequate response. ECF No. 35. After an extension of time to respond, Plaintiff filed his response in opposition on March 16, 2016. ECF No. 40.

    In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On April 6, 2016, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and the case dismissed based on the statute of limitations and qualified immunity. ECF No. 42. The Magistrate Judge advised the Parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. After receiving two extensions of time, Plaintiff filed objections to the Report on June 28, 2016. ECF No. 50. Defendants did not file objections.

**I.   Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

**II.   Discussion**

Plaintiff presents several objections to the Report. After de novo review of the objections, the court adopts in part the Report, finding that the statute of limitations expired before Plaintiff filed his claims.[1]

   *a. Factual Background*

Plaintiff, in his first objection, argues that the Factual Background section presents a complete review of Defendants' version of the facts, while giving a "cursory review" of Plaintiff's opposition. As the summary judgment motion is decided on the basis of a legal

---

[1] Because Plaintiff's claims are dismissed due to the statute of limitations as a matter of law, this court need not analyze *respondeat superior* as to Defendant Blanton. That portion of the Report is not adopted by the court.

argument, not a factual one, the court finds that this objection is without merit and does not affect the outcome.[2]

### b. *Statute of Limitations*

Plaintiff next addresses the statute of limitations issue, arguing that the Report erred when determining the date on which the statute of limitations for his § 1983 claim accrued. ECF No. 50 at 2.

The law is well-settled on this question of statutes of limitation for actions brought under § 1983. While a statute of limitations is not contained within the text of § 1983, the Supreme Court has decided that the state's general statute of limitations for personal injury claims applies, even if the state has different statutes of limitation for intentional torts. *Owens v. Okure*, 488 U.S. 253, 249-50 (1989) ("We accordingly hold that where state law provides multiple statutes of limitation for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."); *see also Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379 (4th Cir. 2014) ("[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. For § 1983 suits, that cause of action is a personal-injury suit.").

South Carolina law allows three years for a plaintiff to bring a personal injury action. S.C. Code Ann. § 15-3-530 (5). Therefore, the statute of limitations for § 1983 claims arising in

---

[2] Further, the Report faithfully recounts Plaintiff's version of the facts as stated in his Verified Complaint. The court finds no error in the Factual Background section of the Report.

South Carolina is three years, regardless of the underlying allegations of the § 1983 claim. *See Hamilton v. Middleton*, No. 4:02-1952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003).

### i. False Arrest/Imprisonment

Plaintiff seeks damages for false arrest/imprisonment and malicious prosecution under § 1983.[3] ECF No. 1, at 8. The Magistrate Judge's Report concluded that the false arrest/imprisonment claim accrued as of the date of arrest, which was August 12, 2005[4], and therefore that the Complaint, filed June 17, 2015, was filed outside the statute of limitations. ECF No. 42.

As determined by the Magistrate Judge, Plaintiff's § 1983 claim for false arrest/imprisonment began to accrue no later than the date of service of the arrest warrants: August 12, 2005. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained *pursuant to legal process*.") (emphasis added); *Baltimore City*, 767 F.3d at

---

[3] Plaintiff also filed state law claims for slander and defamation.

[4] Plaintiff was served with the arrest warrants on August 12, 2005. Plaintiff was detained at the Cherokee County Sheriff's Department on August 1, 2005. Viewed in the light most favorable to Plaintiff, this court will consider the accrual date as of the date the arrest warrants were served, as it is later and provides a longer time before the limitations period expires.

389 ("[T]he statute of limitations for false imprisonment. . . begin[s] to run only at the end of a plaintiff's false imprisonment." (citing *Wallace*)). Once Plaintiff was served with arrest warrants for charges related to the courthouse arson, he was detained pursuant to legal process on those charges. The statute of limitations expired three years after that date, or August 12, 2008. Therefore, the false arrest/imprisonment claim is untimely as it was filed outside the statute of limitations.[5]

          ii. Malicious Prosecution

However, Plaintiff, in his objections to the Report, argues that he presented a malicious prosecution claim, for which the statute of limitations accrues differently. Although Plaintiff's Complaint is somewhat difficult to construe and may not specifically allege a cause of action for malicious prosecution, the court recognizes that Plaintiff's Complaint is to be liberally construed, and thus reads his Complaint to contain a malicious prosecution cause of action within his § 1983 claim.

While there may not be an explicit § 1983 malicious prosecution claim, the Fourth Circuit has recognized a claim "founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution," which requires at least "a wrongful seizure and termination in her favor of the proceedings following her seizure." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009). The statute of limitations for such a claim is three years, but the date of accrual is not until the criminal proceedings end in the plaintiff's

---

[5] Plaintiff argues that he was not legally detained until he was sentenced and began serving time for unrelated burglary charges on April 13, 2006. Assuming *arguendo* the statute of limitations did not begin to run until this date, it expired on April 13, 2009 – still long before this suit was filed.

favor. *Id.* (explaining that the favorable termination element constitutes a prerequisite for recovery, but also establishes the time from which the claim accrues for purposes of determining whether the statute of limitations has run). Therefore, though Plaintiff's other § 1983 claims are outside the statute of limitations, a claim based on the "malicious prosecution" analog may not be time barred due to different accrual dates.

In his Objections, Plaintiff alleges that the criminal proceedings against him should not be considered favorably terminated until June 12, 2013, at which time he was notified by his attorney that his charges relating to the arson and burglary of the courthouse had been *nolle prossed*. ECF No. 50, at 2. While the Report concluded that the statute of limitations for this claim should accrue as of the date the charges were actually *nolle prossed* (April 3, 2012), Plaintiff claims he had no way of knowing that the claims had been *nolle prossed* until his attorney so notified him, and therefore should have three years from the date of his notification to file his claim.

Plaintiff argues that the Report ignored state law regarding the accrual of the statute of limitations for his § 1983 malicious prosecution action, presumably because the statute of limitations itself is drawn from state law. However, it is well-settled that the determination of when the statute of limitations accrues is one of federal law. *Wallace*, 549 U.S. at 388. The general rule that a statute of limitations accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action" is not applicable to § 1983 malicious prosecution actions; instead, the statute of limitations accrues when the proceedings against him are terminated in his favor. *Baltimore City*, 767 F.3d at 389-90. "[I]f the common law provides a distinctive rule for determining when the limitations period for a particular tort begins to run . . . the 'common law's distinctive treatment' of that tort" is

6

considered when determining the start of the statute of limitations for the § 1983 claim. *Id.* at 389. "[T]he operative limitations period began to run on the date a malicious prosecution claim became ripe at common law; i.e., the date on which the *nolle prosequi* was entered." *Id.* at 390. As Plaintiff's claims were filed more than three years after his charges were *nolle prossed* on April 3, 2012, his claim is untimely.[6]

### iii. Statutory Tolling: Disability

Plaintiff also argues that the statute of limitations as to his claims should have been tolled due to his imprisonment. However, the disability statute upon which he relies was repealed in 1996 by the South Carolina General Assembly, and no longer contains a provision for tolling for imprisoned persons. *See* S.C. Code Ann. § 15-3-40 (tolling statutes of limitations for those under the age of 18 or "insane").

### iv. Equitable Tolling

Finally, Plaintiff argues that the Report erroneously tasked Plaintiff with proving equitable tolling applies. For § 1983 cases, equitable tolling, like the length of statutes of limitation, is borrowed from state law. Plaintiff asserts that Defendants should have the burden to show that Plaintiff did not act with due diligence because Defendants have the burden on this summary judgment motion. ECF No. 50 at 7. However, it is well settled in South Carolina that

---

[6] Plaintiff claims that he could not have known that his charges were *nolle prossed* earlier than June 12, 2013, because he was incarcerated and represented by an attorney, and thus had no way of communicating with the Attorney General's office regarding his pending charges. However, upon learning that his charges were *nolle prossed* from his attorney, Plaintiff was on notice that his charges had been "favorably terminated" in 2012. There was nothing to stop him from filing suit within three years of the *nolle prosequi* date.

"[t]he party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use." *Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 386 S.C. 108, 115, 687 S.E.2d 29, 32 (2009).

Under South Carolina law, a defendant may be estopped from claiming the statute of limitations as a defense if some conduct or representation by the defendant has induced the plaintiff to delay in filing suit. *Kelly v. White*, No. CA 4:10-982-JFA-TER, 2011 WL 939015, at *2 (D.S.C. Mar. 16, 2011) (citing *Hedgepath v. Am. Tel. & Tel. Co.,* 348 S.C. 340, 360, 559 S.E.2d 327 (Ct.App.2001)).  While equitable tolling under South Carolina law is not limited to specific situations, it "typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control;" although it "may be applied where it is justified under all the circumstances . . . equitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use." *Hooper*, 687 S.E.2d at 32-33.

In his objections, Plaintiff appears to argue that equitable tolling should apply to his § 1983 malicious prosecution type claim until such time as he was notified that his charges were *nolle prossed* and therefore terminated in his favor.  Plaintiff notes that he was appointed an attorney by the State on the criminal charges, and thus did not have the opportunity to obtain information about his charges.  Therefore, Plaintiff asserts that he "should be held under no obligation to demonstrate due diligence in showing he timely sought knowledge of the *nolle pross* of his charges, when he had no legal duty to do so."

In this case, there are simply no "extraordinary events" beyond Plaintiff's control that lead to the application of equitable tolling.  While it is true that Plaintiff may have had to rely on his state-appointed attorney for information regarding his charges, at no time was Plaintiff precluded from contacting the attorney regarding their status.  Through due diligence, Plaintiff

8

could have learned of the *nolle pross* of the charges related to the courthouse arson and burglary much sooner than fourteen months after the charges were actually dropped. Further, Plaintiff was notified that his charges had been *nolle prossed* well before the three year statute of limitations period elapsed, and thus still had plenty of time to file his claims after his notification but prior to the expiration of the statute of limitations. Therefore, the interests of justice do not compel the use of equitable tolling in this case.

### c. Pendency of State Law Claims

The Magistrate Judge's Report recommends that Plaintiff's state law claims be dismissed as the federal court lacks jurisdiction to hear them after the federal claims are dismissed. However, the applicable statute of limitations precludes these claims as well. The statute of limitations for defamation and slander cases in South Carolina is two years. S.C. Code Ann. § 15-3-550(1); *Green v. State Law Enforcement Division*, No. 2013-MO-012, 2013 WL 8600261, at *1 (S.C. 2013). Plaintiff alleges that defamatory statements were spoken about him in 2004, in connection with the arson of the courthouse. ECF No. 1 ("While the plaintiff was being processed through the prisons intake R&E center [after being sentenced to prison in October 2004], he discovered through the news media" that he was being charged with the burglary and arson. . . "That over the next several days the plaintiff face was blasted all over the states news and even national news medias as the person who set the Cherokee Countys historical courthouse on fire."(sic)). Therefore, the court has determined that Plaintiff's state law claims are untimely, and as such dismisses Plaintiff's state law claims.[7]

## III. Conclusion

---

[7] The court declines to adopt the Report as to the state law claims.

Plaintiff's § 1983 claims for false arrest/imprisonment and allegations akin to malicious prosecution were filed outside the statute of limitations, and so the court adopts the Report to the extent that it recommends summary judgment and dismissal on that ground. Therefore, Plaintiff's federal causes of action are hereby **dismissed with prejudice**. Plaintiff's state claims were filed outside the statute of limitations and as such are **dismissed with prejudice**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
August 10, 2016

10